IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Debra Butler, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 6:18-cv-00294-TLW |
| | ) |
| v. | ) |
| | ) |
| Nancy A. Berryhill, Acting Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Plaintiff Debra Jean Butler brought this action pursuant to Section 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security (Commissioner), denying her claims for Disability Insurance Benefits and Supplemental Security Income Benefits under Titles II and XVI of the Social Security Act. This matter is before the Court for review of the Report and Recommendation (Report) filed on March 29, 2019, by United States Magistrate Judge Kevin McDonald (MJ), to whom this case was previously assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), (D.S.C). In the Report, the Magistrate Judge recommends affirming the Commissioner's decision. ECF No. 17. Plaintiff filed objections to the Report, to which the Commissioner replied. ECF Nos. 20, 21. This matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

1

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections…. The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Report, the objections thereto, and all other relevant filings. The only issues before the Court are whether the final decision of the Commissioner, that the Plaintiff was not disabled during the period between the amended alleged onset date of June 30, 2013 and the date of decision of February 15, 2017, is supported by substantial evidence and whether the proper legal standards were applied. After reviewing the record and the decision of the ALJ, and in light of the objections filed, the Court concludes that the ALJ supported his decision meeting the substantial evidence standard. As the MJ also noted in detailed analysis set out in his Report, the ALJ performed a significant review of the record and outlined in detail his analysis in determining the Plaintiff's residual functional capacity.

Plaintiff objects that the ALJ, while determining Plaintiff's residual functional capacity, failed to properly weigh the opinion of examining physician Dr. Rana. To the contrary, the ALJ determined the Plaintiff's residual functional capacity by an assessment based on all the evidence with consideration given to the limitations and restrictions imposed by the combined effects of all the Plaintiff's medically determinable impairments. R. at p. 21. The ALJ concluded that the objective medical evidence was consistent with a restriction to a range of medium work. R. at p.

21. In coming to this conclusion, the ALJ considered medical and nonmedical evidence, including objective clinical findings, medical opinion evidence, and Plaintiff's activities of daily living. The Report notes that Plaintiff does have abnormal findings but nonetheless, the objective medical evidence, viewed overall, supported a conclusion that Plaintiff remained capable of medium work. R. at p. 23.

In determining Plaintiff's residual functional capacity, the ALJ included express discussion of the medical opinion evidence, including reasoned analysis for his determination to afford only some weight to State agency medical consultants Drs. Hopkins and Bruges and little weight to consultative examiner Dr. Rana. R. at p. 24-25. The ALJ found that the objective evidence was inconsistent with the limitations opined by Dr. Rana, given the Plaintiff's otherwise mild findings not indicative of restriction to sedentary work. R. at p. 25. Dr. Rana's own findings, included no cervical pain, no muscle spasms, without point tenderness, 5/5 strength throughout, no weakness or atrophy, no crepitus or tenderness of the joints, normal range of motion lumbar spine without restrictions, negative straight leg raise and normal toe heel walking. R. at p. 25. The ALJ reviewed Plaintiff's physical examinations, diagnostic testing including x-ray and MRI reports, as well as Plaintiff's activities of daily living to determine that the findings support a conclusion that Plaintiff remained capable of medium work during the relevant period.

After a careful review of the ALJ's decision and the evidence in the record, the court finds that the ALJ's decision to afford greater weight to the opinion of state agency consultant Dr. Van Slooten was supported by substantial evidence. For these reasons, the Court finds that the ALJ supported his findings meeting the substantial evidence standard in determining Plaintiff's residual functional capacity.

The role of this Court is to decide (1) whether the ALJ has supported his decision with substantial evidence, and (2) whether the conclusions reached by the Commissioner are legally correct. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990). The Court accepts the detailed analysis set forth in the Report of the MJ, which concludes that the ALJ's RFC assessment and his evaluation of Dr. Rana's 2014 opinions are based upon substantial evidence and without legal error.

For these reasons and those stated in the Report, it is hereby **ORDERED** that the Report, ECF No. 17, is **ACCEPTED**, and Plaintiff's objections, ECF No. 20, are **OVERRULED**. For the reasons articulated by the Magistrate Judge, the Commissioner's decision is hereby **AFFIRMED**.

**IT IS SO ORDERED**.

    *s/ Terry L. Wooten*
TERRY L. WOOTEN
Senior United States District Judge

September 10, 2019
Columbia, South Carolina